IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>THOMAS W. HIRD,<br><br>                  Defendant. | 4:19CR3038<br><br>GOVERNMENT BRIEF IN SUPPORT<br>OF MOTION IN LIMINE |

      The United States of America herein submits this brief in support of the Government's Motion *in Limine* to Exclude certain evidence or argument by the Defendant. Specifically, the Government seeks to exclude argument and/or purported evidence offered by the Defendant before the jury regarding tax protestor theories including evidence and argument regarding whether he is personally subject to the laws of the United States, including federal tax laws and the Internal Revenue Code and to prevent the admission of any tax protestor/defier materials. The Government additionally moves *in limine* to prevent the Defendant from making any arguments regarding the ultimate issue of tax loss which is relevant to sentencing but not to a finding of guilt on the charges before this court.

## Background

      The Defendant has been charged with filing five false tax returns in violation of Title 26, United States Code, Section 7206(1). The five-count indictment concerns Mr. Hird's Federal Income Tax Returns filed for tax years 2012 through 2016. Each count of the Indictment alleges that the defendant willfully made and subscribed a Form 1040 tax return which he knew reported gross receipts below and failing to include all gross receipts from his business. The Government intends to put forward evidence at trial that beginning approximately 2009 and continuing until

mid-2017, the Defendant Thomas Hird willfully and purposefully secreted the cash and check proceeds from his nail salon business. Each week he would take cash and check payments for services rendered at the business to the bank and would exchange these items for larger bills which he would then store in a bank deposit box and subsequently use to purchase cashier's checks to pay for large expenses including his mortgage payments on his home. Subsequently, Hird willfully failed to report a large percentage of these cash and check payments as income on his taxes.

Throughout the proceedings in this case Hird has submitted numerous pretrial motions and documents making arguments that would likely confuse a jury should these or similar arguments be presented at trial. (*See* Filing Nos. 27, 28, 41, 45, 48, and 77). For instance, Hird has made arguments purporting that the tax laws of the United States do not apply to him personally and that he is not a United States Citizen; arguments that the Government has failed to comply with Civil Rules of Discovery and other Administrative procedural rules during these proceedings; and alleging that the Government has failed to comply with state creditor/debtor laws which have no application in this criminal case. Hird has additionally espoused and cited materials websites operated by John Paul Hansen, a known tax protestor and sovereign citizen. *See Hansen v. Nebraska*, 8:20CV203, 2020 WL 3100101 (D.Neb. June 11, 2020) (J. Kopf).

Based on his previous filings, the Government anticipates that the Defendant may try to present similar legal arguments and challenges during the upcoming trial of this matter. Arguments, exhibits, and testimony to this effect are incorrect statements of law and invade the province of the Court to instruct the jury on the law. Allowing such arguments and evidence would confuse the jury as to its true role of finding the factual issues before it, as opposed to making conclusions of law. Such evidence and argument would additionally invite jury nullification. For

these reasons, the Government moves *in limine* to preclude any such improper arguments or offers of evidence by the Defendant.

The Government additionally respectfully asks this Court to prevent Hird from arguing or presenting evidence regarding 1) tax defier theories or alternate theories of law; 2) evidence and argument made by or in reliance on Paul John Hansen, Hird's purported "Counsel;"[1] 3) argument regarding any additional expenses he may have incurred which were not reported on his taxes which would have nullified any ultimate tax loss.

## **Law and Argument**

The crime of filing a false tax return as charged in Counts I through V of the Indictment has four essential elements. Those elements are as follows 1. the defendant signed and filed a tax return for the tax year that contained false information as to a material matter; 2. the return contained a written declaration that it was being signed subject to the penalties of perjury; 3. the defendant did not believe the return to be true and correct as to the material matter; and 4. the defendant acted willfully. Eighth Circuit Model Jury Instructions 6.26.7206 (2018); *United States v. Bishop*, 412 U.S. 346 (1972); *United States v. Engle*, 458 F.2d 1017, 1020 (8th Cir. 1972).Willfulness in a criminal tax case requires proof that the defendant intentionally violated a known legal duty. *Cheek v. United States*, 498 U.S. 192, 201 (1991). This is contrary to the general criminal law rule that ignorance of the law is no excuse. *Id.* at 199. A defendant can negate a finding of willfulness by showing a good-faith misunderstanding of the law or a good-belief that he was not violating the law. *Id.* at 203.

---

[1] In its previous Order dated May 29, 2020, this Court ordered that Paul John Hansen either enter his appearance as counsel for the Defendant or cease engaging in the unauthorized practice of law. (Filing No. 50 at p. 2). Since that order, Mr. Hansen has not entered his appearance, and yet, Hird's filings have continued to indicate Hird was receiving "aid[] by 4th Amendment Counsel, Paul John Hansen[.]" (Filing No. 54 at p. 3).

Defefendants in tax cases are entitled to introduce evidence bearing on their subjective good faith belief that they were not required to file tax returns or pay taxes in order to negate a finding of willfulness. *Cheek*, 498 U.S. at 201-206. Nevertheless, the federal courts have recognized that allowing the introduction of evidence or argument concerning legal or pseudo-legal tax protestor materials presents a significant danger of confusing and misleading the jury and ultimately resulting in a waste of time thereby courts regularly exclude such materials under Federal Rule of Evidence 403. *See United States v. Gustafson*, 528 F.3d 587 (8th Cir. 2008); *United States v. Giambalvo*, 810 F.3d 1086, 1095 (8th Cir. 2016); *United States v. West*, 829 F.3d 1013 (8th Cir. 2016). And the Eighth Circuit Court of Appeals regularly upholds decisions by district courts refusing to admit legal materials offered by the defendant in a tax fraud trial. *See Gustafson*, 528 F.3d 587; *Giambalvo*, 810 F.3d at 1095; *West*, 829 F.3d 1013. This Court can appropriately limit a defendant who denies he had an obligation to file tax returns or pay taxes to present the basis of their beliefs only after laying a proper foundation, and even then, subject to a Rule 403 balancing determination.

It is important to note, the Defendant's personal views regarding the constitutionality and applicability of tax laws are irrelevant in criminal tax cases. *Cheek*, 498 U.S. at 202-03 (1991); *United States v. Powell*, 955 F.2d 1206, 1212 (9th Cir. 1991); *United States v. Barnett*, 945 F.2d 1296, 1298-1301 (5th Cir. 1991). This is because mere disagreement with tax laws is no defense to the crime charged. *Cheek*, 498 U.S. 192, 202-03 (1991). In *Cheek*, the Supreme Court held that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Id.* at 206. The Court affirmed the district court's use of the following instruction: "An opinion that the tax laws violate a person's constitutional rights does not constitute a good-faith

misunderstanding of the law." *Id*. at 204. In the event defendant were to interject into the trial his disagreement with the tax laws or challenge to the validity of the tax laws, it would be proper for the Court to instruct the jury along the following lines, depending on the particular issue of disagreement or challenge to the law: "A person's opinion, good-faith belief, and/or mistaken belief that the tax laws are invalid or unconstitutional does not constitute a good-faith misunderstanding of the law and is not a defense to the crime charged in this case." *Id.* at 205;

Subsequent to *Cheek*, Courts have found that in order for tax protestor ideology and materials to be admissible in a tax case, a defendant first must lay a proper foundation demonstrating that he "actually relied" upon the specific material that is being offered to show his state of mind. *Powell*, 955 F.2d at 1214; *see also Giambalvo*, 810 F.3d at 1095.[2] The Court should exclude other such legal material as irrelevant and unnecessarily confusing because only defendant's subjective beliefs are at issue. The danger is that admission of both relevant and irrelevant beliefs "could easily obfuscate the relevant issue and tempt the jury to speculate that the mere existence of documentary support for the defendant's position negates his independent knowledge that he has a legal duty." *United States v. Willie*, 941 F.2d 1384, 1393 (10th Cir. 1991).

Once the proper foundation is established, the Court can then determine, using a Fed. R. Evid. 403 analysis, whether the material should be admitted or excluded. The Court should consider whether such materials could confuse the jury as to the law or enable the defendant to undermine the authority of the court. The factors other courts have cited as relevant to such a determination include: (1) the centrality of the materials sought to be introduced to a defendant's

---

[2] In contrast to this statement, the Supreme Court in *Cheek* recognized, that a mistaken-belief defense does not encompass situations where the defendant, rather than having a genuine misunderstanding of the law, knows the law but merely disagrees with it. *Cheek*, 498 U.S. at 202 n.8. Further, the Court distinguished the mistaken-belief defense from an argument that a relevant provision is invalid, which argument would "reveal full knowledge of the provisions at issue." *Id.* at 205.

claimed misunderstanding of the tax laws; (2) the materials' length and potential to confuse the jury; (3) the degree to which such materials are merely cumulative to a defendant's testimony or to other evidence; (4) the extent to which a defendant may be attempting to use them to instruct the jury on the law or to propagate tax protestor beliefs; and (5) the potential utility of limiting instructions. *See United States v. Saldana*, 427 F.3d 298, 308 (5th Cir. 2005); *Powell*, 955 F.2d at 1214; *Barnett*, 945 F.2d at 1301 n.3; *Willie*, 941 F.2d at 1395.

To the extent that this Court allows Hird to introduce evidence and argument regarding tax protestor materials or beliefs he should only be allowed to do so to support a mistaken belief defense after laying proper foundation regarding his reliance on those materials. Further, that evidence should be limited to his testimony alone because even if the defendant may have actually relied on the materials, the potential for jury confusion is too great. *Willie*, 941 F.2d at 1391. Actual testimony by a defendant is much more probative of good-faith beliefs than is the mass introduction of tax protester literature. *Giambalvo*, 810 F.3d at 1095; *Gustafson*, 528 F.3d 587; *United States v. Mann*, 884 F.2d 532, 538 (10th Cir. 1989); *United States v. Hairston*, 819 F.2d 971, 973 (10th Cir. 1987). Courts regularly exclude the documentary material while permitting a defendant's quotation from the documents. *Hairston*, 819 F.2d at 973; *United States* v. *Simkanin*, 420 F.3d 397, 412- 413 (5th Cir. 2005); *United States* v. *Latham*, 754 F.2d 747, 751 (7th Cir. 1985); *United States* v. *Nash*, 175 F.3d 429, 435-436 (6th Cir. 1999). It is additionally not appropriate for the defendant to offer evidence regarding these materials through other third party witnesses who likely have no knowledge of the defendant's personal reliance on the materials and is therefore irrelevant to the Defendant's mistaken belief defense. *Giambalvo*, 810 F.3d at 1095.

Applying these principles, the Government seeks the exclusion of any tax protestor manuals, instructional booklets, website pages, or materials, as well as any cross examination of

other witnesses regarding such materials and beliefs. The Government does not object to testimony by the defendant, if he chooses to testify, about what he has read or relied on and thus what he believed the law was *at the time* he filed the allegedly deficient tax returns. Lastly, if any tax protestor documents or material are admitted into evidence, the Government will ask for an instruction from the Court on the admission of these documents making it clear to the jury that these documents are not offered to show what the law is, and that they are, in fact, contrary to the law. *See Powell*, 955 F.2d at 1214; *Hairston*, 819 F.2d at 974 n.4.

      i.    *The Court Should Exclude or Limit the Defendant's Evidence and Argument Regarding Tax Assessments Pursuant to 26 U.S.C. § 6203.*

Throughout the course of this case, the Defendant has repeatedly argued that the IRS and/or Government has failed to provide him an assessment of his tax liability pursuant to 26 U.S.C. § 6203.[3] (Filing Nos. 27 at p. 2; 28 at p. 2; 41 at p. 2; 45 at p. 8; 48 at p. 3; 77 at p. 1). According to these filings, it appears that Hird intends to argue at trial that because he did not receive the assessment of his tax liability, as he will state he requested, the prosecution of this case is invalid. (*See* Filing No. 77 at p. 1). When previously provided this argument the Eighth Circuit Court of Appeals has explicitly held that "[t]he filing of an administrative assessment record is not required before a criminal prosecution may be instituted . . . for failure to report or pay income tax." *United States v. Richards*, 723 F.2d 646, 648 (8th Cir. 1983)(internal citations omitted). Nor is an assessment an element required for a conviction under 26 U.S.C. § 7206 for which Hird is charged. In short, Hird's argument regarding the Section 6203 assessment is frivolous and for the reasons

---

[3] This provision of the United States Code states "[t]he assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment." 26 U.S.C. § 6203.

further indicated above, Hird should be precluded from making these arguments before the jury to avoid confusion of the law and issues. *See* Fed. R. Evid. 403.

        ii.        *Defendant Should be Precluded from Making Arguments Regarding the Tax Loss*

Throughout the litigation of this matter, the Defendant through his previous counsel indicated that Hird may attempt to argue at trial that he was not guilty of the crimes charged because his nail salon had additional expenses for labor which were not reported and would have offset any alleged unreported income the Defendant received to arrive at no tax loss. However, actual tax loss is not a required element for a conviction under 26 U.S.C. § 7206(1). In *United States v. Scholl*, 166 F.3d 964, 979-80 (9th Cir.), *cert. denied*, 528 U.S. 873 (1999), where the defendant was charged with violating § 7206(1), the Ninth Circuit said that, "[w]hether there was an actual tax deficiency is irrelevant because the statute is a perjury statute." Id. at 980. The Seventh Circuit reached the identical conclusion in *United States v. Peters*, 153 F.3d 445, 461 (7th Cir. 1998), *cert. denied*, 525 U.S. 1070 (1999), where the court said, "[i]ndeed, this court has recently held that the government need not prove an actual tax deficiency in order to convict a defendant under § 7206(1)." *Id.* The Seventh Circuit in *Peters* was referring to its previous decision in *United States v. Minneman*, 143 F.3d 274, 279 (7th Cir. 1998), *cert. denied sub nom Punke v. United States*, 526 U.S. 1006 (1999), where the court said in a prosecution for violating § 7206(1) that, "… the amount of taxes owed is irrelevant in a prosecution for tax fraud." *Id.* at 279.

Similarly, in *United States v. Marashi*, 913 F.2d 724, 736 (9th Cir. 1990), the defendant sought reversal of a conviction for violating § 7206(1) on the ground that available deductions would have left him with no tax deficiency. The Ninth Circuit rejected this argument, as follows, "[s]ection 7206(1) is a perjury statute; it is irrelevant whether there was an actual tax deficiency."

*Id.* at 736. In *United States v. Wilson*, 887 F.2d 69, 74-75 (5th Cir. 1989), the Fifth Circuit upheld a jury instruction which said that, "it was not part of the proof in the case that the Government prove there was an actual tax deficiency or the income tax would have been greater. That is not an element of this violation." *Id.* at 74. According to the Fifth Circuit, "the instruction was correct, because in a § 7206(1) case it is "not necessary for the Government to prove a deficiency in tax for the years in question." *Id.* at 75.

Based upon these principles, it is the Government's position that Hird should be precluded from providing evidence and argument regarding additional expenses incurred by the nail salon during the tax years at issue. Such evidence and argument is irrelevant to a finding of guilt and would likely have the effect of confusing the jury regarding the law and issues before it.

## Conclusion

For the aforementioned reasons, the Government respectfully requests that this Court grant its motion *in limine* and exclude all evidence and argument by the Defendant that would have the tendency to confuse the issues and the laws before the jury.

UNITED STATES OF AMERICA, Plaintiff

JOSEPH P. KELLY
United States Attorney
District of Nebraska

By: *s/ Tessie L.S. Smith*
TESSIE L.S. SMITH, #25828
Assistant U.S. Attorney
487 Federal Building
100 Centennial Mall North
Lincoln, NE 68508-3865
Tel: (402) 437-5399
Fax: (402) 437-5390
E-mail: tessie.smith@usdoj.gov