IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS W. HIRD,<br><br>    Defendant. | 4:19CR3038<br><br>**ORDER** |

  Defendant has filed a motion to reconsider my ruling denying, as moot, his demand for the government's witness list. (Filing No. 91). He further moves for disclosure of all evidence the grand jury saw and heard before indicting the defendant. (Filing No. 90).

  As to the government witness list, the government states it mailed the names of its witnesses to the defendant and that the witness contact information is within the government's Rule 16 disclosures. The defendant states he has not received this mailing, and if the government's fails to disclose the witness list prior to trial, his constitutional rights will be violated.

  Defendant's claim that he did not receive or cannot access the government's discovery is a recurrent allegation in this case—so much so that the court itself tested the flash drive containing the government's Rule 16 disclosures and then mailed the flash drive to the defendant. That mailing was not returned. Despite these efforts by the court, the defendant moved nearly four months later for an order requiring the government to serve Rule 16 disclosures. (Filing No. 29, 48, 49, 50).

Irrespective of whether the government has produced its witness list, the defendant has no constitutional right to an advance listing of the government's witnesses. And a witness list disclosure is not required under Rule 16. "A federal criminal defendant generally has no right to know about government witnesses prior to trial. . . . To comply with due process, the government need only disclose all material or potentially exculpatory evidence before the trial ends." United States v. Polk, 715 F.3d 238, 249 (8th Cir. 2013) (internal citations and quotation marks omitted).

In addition to the witness list, Defendant requests "copies of all testimony and evidence presented or heard during the Grand Jury hearings leading up and supporting the handing down of the Grand Jury's indictments against the Defendant." (Filing No. 90). .A defendant seeking disclosure of grand jury materials under Rule 6(e)(3)(C)(i) carries the burden of making a "strong showing of particularized need" for these materials. United States v. Sells Engineering, Inc., 463 U.S. 418, 443 (1983); In re Matter of Disclosure of Testimony Before the Grand Jury, 580 F.2d 281, 286 (8th Cir. 1978). A party demonstrates particularized need where: (1) the material is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) the request is structured to cover only the material needed. Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 223 (1979). "[D]isclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and . . . the burden of demonstrating this balance rests upon the private party seeking disclosure. . . . [T]he court's duty in a case of this kind is to weigh carefully the competing interests in light of the relevant circumstances" and the standards announced by the Supreme Court. Id.

Defendant states he needs the grand jury materials so he can "examine and cross-examine his accusers." (Filing No. 90). This broad and conclusory statement fails to provide the strong showing of particularized need required for release of grand jury materials.

Accordingly,

IT IS ORDERED:

1) Defendant's motion for disclosure of grand jury proceedings, (Filing No. 90), is denied.

2) Defendant's motion to reconsider, (Filing No. 91), is denied.

Dated this 23rd day of October, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge