IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19CR3038 |
| vs. | |
| THOMAS W. HIRD, | ORDER |
| Defendant. | |

Defendant has moved for my recusal, claiming I "have begun to treat this trial as if it is a contest between parties rather than the impartial weighing of justice." (Filing No. 107, at CM/ECF p. 3). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003). Every judicial officer must satisfy herself that she is actually unbiased toward the parties in each case and that her impartiality is not reasonably subject to question.

In support of his argument for recusal, Defendant argues I denied some of his motions before allowing or requiring the government to respond, including Defendant's:

a) Motion for Miscellaneous Relief seeking 1) discovery as permitted under the Federal Rules of Civil Procedure, and 2) dismissal for lack of personal jurisdiction, (Filing No. 45);

b) Email to the court, liberally construed as a motion for disclosure of the government's witness list, (Filing No. 84);

  c)  Motion to reconsider the denial of Defendant's motion for disclosure of the government's witness list, (Filing No. 91); and

  d)  Defendant's motion for disclosure of grand jury proceedings, (Filing No. 90).

(Filing No. 107, at CM/ECF p. 2).

  The orders at issue are Filing Nos. 46 and 92. Each of these orders explains the legal basis for the court's ruling. Neither required a response from the government, and neither was appealed to the district judge.

  Defendant states I have not "allowed Defendant to be present for hearings or deliberations." (Filing No. 107, at CM/ECF pp. 1-2). I am not required to allow, and have not allowed, any parties to be present while I deliberate on motions and draft my orders. As for presence at hearings, Defendant was initially represented by counsel and after he chose to be self-represented, he and his standby counsel have appeared at every hearing held by the undersigned magistrate judge, with some hearings delayed so the defendant himself is able to and actually attends. If he believes otherwise, he is mistaken.

  "In deciding whether to recuse [her]self, the [magistrate] judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning [her] impartiality might be seeking to avoid the adverse consequences of [her] presiding over their case. In re Kansas Public Employees Retirement System, 85 F.3d 1353, 1358 (8th Cir. 1996) (quoting In re Drexel, 861 F.2d 1307, 1312 (2d Cir. 1988); see also United States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985) (decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.) "[T]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." Cheney v. U.S. Dist.

Court for Dist. of Columbia, 541 U.S. 913, 924 (2004); O'Bannon v. Union Pac. R.R. Co., 169 F.3d 1088, 1091 (8th Cir.1999); Lunde v. Helms, 29 F.3d 367, 370 (8th Cir. 1994).

Upon consideration of Defendant's motion to recuse, I conclude it must be denied. I have no personal knowledge of the facts underlying the government's case against the defendant. I have entered my rulings based on the law as I understand it—with no bias in favor of the government or against the defendant. And the defendant has been afforded full access to all hearings, rulings, and procedural and substantive due process rights. Under the circumstances presented, a reasonable observer who is informed of all the surrounding facts and circumstances would not conclude that I lack impartiality.

A judge must recuse herself if her "impartiality might reasonably be questioned," but she has an equal obligation not to recuse herself when there is no reason to do so.  Southwestern Bell Telephone Co. v. F.C.C., 153 F.3d 520, 523 (8th Cir. 1998).

For the foregoing reasons,

IT IS ORDERED that Defendant's motion to recuse, (Filing No. 107) is denied.

Dated this 12th day of March, 2021.

                                            BY THE COURT:

                                            *s/ Cheryl R. Zwart*
                                            United States Magistrate Judge