IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19CR3038 |
| vs. | TRIAL BRIEF |
| THOMAS W. HIRD, | |
| Defendant. | |

Comes now the United States, by and through the undersigned Assistant United States Attorney, and hereby provides this trial brief in anticipation of the jury trial of *United States v. Thomas W. Hird*.

Nature of the Crime

Defendant Thomas W. Hird was charged by Indictment with five counts of filing a false tax return in violation of Title 26, United States Code, Section 7206(1). The five count indictment concerns Mr. Hird's Federal Income Tax Returns filed for tax years 2012 through 2016. Each count of the Indictment alleges that the defendant willfully made and subscribed a Form 1040 tax return which he knew reported gross receipts below and failing to include all cash and check gross receipts from his nail salon business. (Filing No. 1).

Elements of Filing a False Tax Return

The crime of filing a false tax return as charged in Counts I through V of the Indictment has four essential elements. Those elements are as follows 1. the defendant signed and filed a tax return for the tax year that contained false information as to a material matter; 2. the return contained a written declaration that it was being signed subject to the penalties of perjury; 3. the defendant did not believe the return to be true and correct as to the material matter; and 4. the

1

defendant acted willfully. Eighth Circuit Model Jury Instructions 6.26.7206 (2018); *United States v. Bishop*, 412 U.S. 346 (1972); *United States v. Engle*, 458 F.2d 1017, 1020 (8th Cir. 1972).

Willfulness in a criminal tax case requires proof that the defendant intentionally violated a known legal duty. *Cheek v. United States*, 498 U.S. 192, 201 (1991). This is contrary to the general criminal law rule that ignorance of the law is no excuse. *Id.* at 199. In determining whether a defendant acted willfully, the jury is "free to consider any admissible evidence from any source showing that [the defendant] was aware of his duty to file a return" including evidence "showing his awareness of relevant provisions of the Code or regulations" and knowledge "of court decisions rejecting his interpretation of the tax law." *Cheek*, 498 U.S. at 202. Because direct proof of a taxpayer's state of mind is rarely available, willfulness may be established by circumstantial evidence. *United States v. Voight*, 89 F.3d 1050, 1090 (3d Cir. 1992), *cert. denied*, 117 S. Ct. 623 (1996).

Various circumstances may indicate willfulness. For example, a defendant's pattern or practice of under reporting large amounts of income may rise to an interference of willfulness. *United States v. Vannelli*, F.2d 490, 493 (8th Cir. 1976); *United States v. DiBenedetto*, 542 F.2d 490, 493 (8th Cir. 1976). Willfulness may also be inferred from repeated omission of certain items of income. *United States v. Tager*, 479 F.2d 120, 122 (10th Cir. 1973). Failure to supply an accountant or return preparer with accurate and complete information has also been held to be indicative of willfulness. *United States v. Samara*, 642 F.2d 701, 703 (10th Cir. 1981); *United Staates v Garavaglia*, 566 F.2d 1056 (6th Cir 1977). Extensive use of currency and cashier's checks may also be indicative of willfulness. *Smith v. United States*, 348 U.S. 147, 159 (1954); *United States v. Holovachka*, 314 F.2d 345, 358 (7th Cir. 1963); *Schuermann v. United States*, 174 F.2d 397, 398 (8th Cir. 1949).

2

Background Facts

The evidence in this case will show that beginning approximately February of 2009 and continuing until August of 2017, the Defendant Thomas Hird took cash and check customer payments from his nail salon business and exchanged those items for one hundred-dollar bills. Hird would do this on a nearly weekly basis. Because the bank had a policy against cashing checks written to a business, Hird and nail salon employees would direct customers at the salon to make their checks payable to Hird personally instead of the business name. Subsequent to making these cash exchanges, Hird would often access his safety deposit box at the bank. The cash would not be deposited into the business bank account. The bank began recording Hird's weekly cash exchange activity in 2009 and continued to do so until mid-2017 when Mr. Hird ceased the cash exchange activity—which occurred shortly after Hird had been interviewed by the investigating IRS Special Agent in this case. Based upon these records, the Government will put forward evidence that Hird did not appropriately report the gross receipts for his nail salon business by largely failing to account for customer check and cash payments. He did so by failing to provide his tax preparer with accurate figures and by misleading her when directly asked about issues she identified with his figures.

Frivolous and/or Impermissible Defenses

1. *Disagreement with the Law is not a Defense*

Willfulness is the "intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 200 (1991). Willfulness is determined by a subjective standard rather than an objective one, and the defendant's beliefs need not be objectively reasonable. *Cheek*, 498 U.S. at 203. However, the jury may "consider the reasonableness of the defendant's asserted beliefs in determining whether the belief was honestly or genuinely held." *United States v. Grunewald*, 987

F.2d 531, 536 (8th Cir. 1993). Although ignorance and misunderstanding of the law may be asserted to foreclose a finding of willfulness on the part of a defendant, disagreement with the validity of a law may not. Once it has been established that the defendant was aware of the legal duty and intentionally violated that duty, it is no defense that the defendant believed that the law imposing the duty was unconstitutional. *Cheek*, 498 U.S. at 205—06.

The Government has further discussed this issue within its Motion *in Limine* and supportive brief and requests that if Hird testifies or presents argument regarding the validity of tax laws, the Court should provide a jury instruction similar to the following: "A person's opinion, good-faith belief, and/or mistaken belief that the tax laws are invalid or unconstitutional does not constitute a good-faith misunderstanding of the law and is not a defense to the crime charged in this case." *See* Filing No. 81 at pp. 4-5 (citing *Cheek*, 498 U.S. at 205).

2.   *Reliance on Documents, Books, and Other Materials*

As the Government argues in its Motion *in Limine* and supportive brief, it is proper for the trial court to deny a defendant's attempt to introduce tax protestor documents, books, videos, and other materials into evidence in a tax prosecution. *See* Filing No. 81 at pp. 5-7 (citing *United States v. Gustafson*, 528 F.3d 587 (8th Cir. 2008); *United States v. Giambalvo*, 810 F.3d 1086, 1095 (8th Cir. 2016); *United States v. West*, 829 F.3d 1013 (8th Cir. 2016)). Should the Defendant be allowed to admit such material, the Government requests a jury instruction indicating that these documents were not offered to show what the law is, and that they are in fact contrary to the law. *See Id.*

Evidentiary Matters

1.   *Anticipated Witnesses*

The Government intends to call the following witnesses at the trial of this matter:

  a. Bank Employees. The Government will call several bank employees from Exchange Bank, formerly known as Nebraska National Bank, to testify regarding the Defendant's cash exchange activities; their efforts to track the Defendant's cash exchange activities; and how the Defendant's behaviors changed following his being informed of the investigation of this matter.

  b. The Defendant's tax preparer.

  c. Nails Unlimited Customers. A large number of the witnesses called to testify in the Government's case in chief will consist of customers of the Defendant's nail salon who issued check payments for services rendered at the business which were then cashed by Hird. These customers will testify regarding the payments they made to the business. These customer witnesses will be used to show Mr. Hird's pattern and practice of having customer's check payments issued to him personally and exchanging those customer checks for cash.

  d. Kristy Lucas. Ms. Lucas is the Defendant's ex-wife. She will testify to matters concerning the Defendant's finances and bookkeeping.

  e. IRS Revenue Agent Chris Thompson. Mr. Thompson will testify both as a percipient and expert witness at trial of this matter. Mr. Thompson will explain the applicability of the Internal Revenue Service tax code and related regulations to income earned from a business. Mr. Thompson will provide a general overview and explanation of how and why individuals are required to file Federal Income Tax returns, the Federal Income Tax forms required to be filed, and when individuals are required to file Federal Income Tax returns. Mr. Thompson will provide an overview and explanation of business income reporting requirements. Mr. Thompson will explain how and why income from a business is included as income for Federal Income Tax purposes.

2.  *Rule 1006 Summaries*

The trial of this matter will include the introduction of voluminous records including records concerning each of the Defendant's bank accounts and his cash exchange activity recorded by Exchange bank. During its case, the United States intends to call IRS Special Agent Kimberly Taylor. During the investigation of this matter, SA Taylor prepared pursuant to Federal Rule of Evidence 1006 summaries of the voluminous bank records. Additionally, expert/summary witness, Revenue Agent Christopher Thompson, who is trained in accounting and the computation of tax liabilities will be called to testify at trial. Agent Thompson will explain the tax consequences of the United States' evidence. Agent Thompson and/or Agent Taylor will discuss the importance and conclusions drawn from the bank accounts and utilizing the Rule 1006 summaries of these voluminous records.

A Rule 1006 summary must summarize information which is voluminous, admissible, and available for inspection. While the underlying documents must be admissible, they need not be admitted at trial. Such summaries are admissible evidence in their own right. *United States v. Samaniego*, 187 F.3d 1222, 1223—24 (10th Cir. 1999). A summary witness may draw conclusions from the evidence presented at trial. *United States v. Esser*, 520 F.2d 213, 217-18 (7th Cir. 1975). The bank records in this case are voluminous and will be admitted pursuant to stipulations entered into by the parties, therefore they will be available for inspection. (*See* Filing Nos. 64, 65, and 66).

The Government fully intends to lay the proper foundation for these documents prior to their admission. If however, Mr. Hird still objects, 8th Circuit Model Jury Instruction 4.12 titled Rule 1006 Summaries may be appropriate to add to the final jury instructions.

3.  *Certified Records*

The United States also anticipates offering into evidence certified copies of certain Internal Revenue Service records. These records are self-authenticating and admissible pursuant to Federal Rules of Evidence 902(4), 803(8), and 1005. Certified copies of Internal Revenue Service transcripts will be offered as well as certified copies of the Defendant's Form 1040s filed for the years 2009 through 2018.

4.  *Rule 404(b) Evidence*

As set forth in the government's Notice of Intent to Introduce Rule 404(b) Evidence, (filing no. 51), the Government intends to offer evidence of the defendant's misrepresentations regarding his income and his pattern and practice of exchanging cash and check customer payments, both prior to the date of the offenses outlined in the Indictment as well as subsequent to the date of the offenses outlined in the Indictment.

The evidence will be offered to show proof of motive, opportunity, intent, preparation, plan, and knowledge of the defendant's obligations to secret customer payments and avoid fully reporting his gross receipts for the years at issue in this case.

6.  *Non-Hearsay Statements Under Rule 801(d)(2)*

The Government anticipates offering statements made by the Defendant to IRS Special Agent Taylor during the course of the investigation pursuant to Federal Rule of Criminal Evidence 801(d)(2). Such statements should not be excluded as hearsay as they are statements made by and offered against an opposing party. Additionally, numerous statements made by the Defendant which the Government intends to offer will not be offered for the truth of the matter asserted, but instead, to show that the Defendant made false statements during the course of the investigation that are directly contradicted by the other evidence which will be presented at trial.

DATED this 23rd day of March, 2021.

Respectfully submitted,

          UNITED STATES OF AMERICA, Plaintiff

          JAN W. SHARP
          Acting United States Attorney
          District of Nebraska


          By: *s/ Tessie L.S. Smith*
          TESSIE L.S. SMITH, #25828
          Assistant U.S. Attorney
          487 Federal Building
          100 Centennial Mall North
          Lincoln, NE 68508-3865
          Tel: (402) 437-5399
          Fax: (402) 437-5390
          E-mail: tessie.smith@usdoj.gov