IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>vs.<br><br>Thomas W. Hird,<br><br>               Defendant. | 4:19-CR-3038<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on the government's motion in limine (filing 80) to exclude under Fed. R. Evid 104 and Fed. R. Evid. 403 "evidence regarding legal or pseudo-legal tax protestor theories and materials." Filing 80 at 1. The defendant, Thomas W. Hird, opposes the motion claiming his inalienable right to liberty necessarily includes a right to earn a living free from taxation. *See* filing 115 at 1-3. Hird also argues that he solicited input on the preparation and accuracy of his tax returns from the government in good faith and they did not respond. *See* filing 115 at 4.

    For the reasons set forth below, the government's motion will be granted in part.

DISCUSSION

    Hird is charged with five counts of filing a false tax return in violation of 26 U.S.C. § 7206(1). Filing 1. That crime has four essential elements: (1) the defendant signed and filed a tax return for the tax year that contained false information as to a material matter, (2) the return contained a written declaration that it was being signed subject to the penalties of perjury, (3) the defendant did not believe the return to be true and correct as to the material

matter, and (4) the defendant acted willfully. *See United States v. Marston*, 517 F.3d 996, 999 n. 3 (8th Cir. 2008).

Willfulness is the voluntary, intentional violation of a known legal duty. *Cheek v. United States*, 498 U.S. 192, 201 (1991). So the general rule that ignorance or mistake of the law is no defense does not apply to the crime of filing a false tax return. *See id.* at 199-200. A defendant can negate a finding of willfulness by showing his ignorance or misunderstanding of the law created a good-faith belief that he was not violating provisions of tax law. *See id.* at 202. And the belief need not be objectively reasonable. *Id.*

So, a Court ordinarily cannot exclude evidence relevant to the jury's determination of what a defendant *thought the law was* in § 7206 cases because willfulness is an element of the offense. *United States v. Giambalvo*, 810 F.3d 1086, 1095 (8th Cir. 2016). Statutes or case law upon which the defendant claims to have *actually relied* are admissible to disprove that element if the defendant lays a proper foundation which demonstrates such reliance. *Id.* By contrast, materials upon which the defendant does not claim to have relied can be excluded as irrelevant and unnecessarily confusing because *only the defendant's subjective belief is at issue. Id.*. The defendant's testimony is generally the best source of his subjective beliefs. *Id.*

Claims that provisions of the tax code are unconstitutional or invalid, however, are irrelevant to the issue of willfulness and need not be heard by the jury. *Cheek*, 498 U.S. at 206. If they are, an instruction to disregard them would be proper. *Id.* This is true because such claims evince full knowledge of the provisions and a studied conclusion, however wrong, that those provisions are invalid and unenforceable. *Id.* In other words, claims that provisions of the tax law are unconstitutional are *disagreements* with the law, not ignorance or misunderstanding of it. *See id.*

To be sure, the Court remains the jury's sole source of the law. *United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1991); *see United States v. Gustafson*, 528 F.3d 587, 592 (8th Cir. 2008). And the Court may exclude any evidence as to what the law is or should be. *Powell*, 955 F.2d at 1214; *see Gustafson*, 528 F.3d at 592.

It is with these legal principles in mind that the Court now turns to the government's motion in limine. The government moves to exclude the following argument and/or evidence from the defendant:

- as to whether he is subject to the laws of the United States, including federal tax laws and the Internal Revenue Code;

- as to the validity of the laws of the United States, including federal tax laws and the Internal Revenue Code;

- that he is not a "person" or "taxpayer" subject to federal tax laws and the Internal Revenue Code;

- that the law required a taxpayer be provided an administrative assessment before he can be prosecuted for a tax crime; and

- indicating there was no or lessened tax deficiency.

Filing 80 at 1-2. The government also moves to exclude the admission of "any tax protestor/defier" materials. Filing 81 at 1.

According to the government, Hird's motions in this case provide examples of the types of arguments and evidence he may attempt to present at trial. *See e.g.*, filing 27, filing 28, filing 41, filing 45, filing 48, filing 77. For example, Hird claims he is a "natural born man" and not subject to the laws of

the United States of America. Filing 115 at 2. Hird has also complained that the government has failed to comply with civil discovery rules, *see* filing 41, filing 45, and state creditor/debtor laws, *see* filing 39 at 1-2. And Hird has relied on materials from Paul John Hansen, a known tax protestor and sovereign citizen. *See, e.g.*, filing 48 at 7.

The government asserts that these arguments and evidence would likely confuse the jury. Filing 81 at 2. And the government suggests that many of Hird's arguments amount to "incorrect statements of the law [which] invade the province of the Court to instruct the jury on the law." Filing 81 at 2. The Court agrees, at least in part.

Hird is certainly entitled under the Sixth Amendment and *Cheek* to present evidence of *his own subjective beliefs* regarding what the tax law was and required of him. *See* 498 U.S. at 203. However, the Court will strictly limit such testimony and evidence. Any claims that the tax laws are invalid, unconstitutional, or do not fairly apply to Hird will be excluded and, if made, the jury will be instructed to disregard such claims. *See Cheek*, 498 U.S. at 206. And Hird may be permitted to introduce into evidence some materials that contributed to his beliefs, so long as sufficient foundation is laid that he *actually relied* on the materials to form his beliefs. *See United States v. Willis*, 277 F.3d 1026, 1033 (8th Cir. 2002). But the Court need not admit cumulative or duplicative materials that do not add "new insight into the formation of his beliefs beyond the materials" previously admitted. *Id.* Hird remains the best source of his own subjective beliefs. *See Giambalvo*, 810 F.3d at 1095.

And the Court will under no circumstances admit any evidence that conflicts with its own responsibility to instruct on the law and which has a high

potential to confuse the jury.[1] *Gustafson*, 528 F.3d at 592. To that end, material interpreting statutes or legal opinions as well as legal opinions themselves will

---

[1] The Court cautions the government to this end as well. Its notice of possible testimony from Christopher Allen Thompson under Rule 702 (filing 53) contains proposed testimony that may tread on the Court's role to instruct the jury on the law. Generally, expert testimony may be admissible if it is helpful to the trier of fact. *See* Fed. R. Evid. 702. Expert witnesses are often uniquely qualified in guiding the trier of fact through a complicated morass of obscure terms and concepts. *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994). Because of their specialized knowledge, their testimony can be extremely valuable and probative. *Id.*; *see, e.g.*, *United States v. Mohney*, 949 F.2d 1397, 1406–07 (6th Cir.1991) (IRS agent's expert testimony that income was unreported was helpful to the jury and did not deprive the jury of an ultimate issue because was necessary as it created framework for the jury to properly understand the testimony of other witnesses); *United States v. Windfelder*, 790 F.2d 576, 581 (7th Cir. 1986) (citations omitted) ("Expert testimony by an IRS agent which expresses an opinion as to the proper tax consequences of a transaction is admissible evidence. Similarly, we find that an IRS expert's analysis of the transaction itself, which necessarily precedes his or her evaluation of the tax consequences, is also admissible evidence"); *but see United States v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009) (proposed expert testimony that corporate distributions were legally non-taxable was properly excluded as a legal conclusion).

Generally, the use of expert testimony is not permitted if it will usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it. *Duncan*, 42 F.3d at 101; *see United States v. Smith*, 573 F.3d 639, 655 (8th Cir. 2009). When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's. *Duncan*, 42 F.3d at 101. When this occurs, the expert acts outside of his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination. *Id.* Thus, expert testimony which states a legal conclusion is not admissible. *Id.*; *Smith*, 573 F.3d at 655; *Southern Pine Helicopters, Inc. v. Phx. Aviation Managers*, 320 F.3d 838, 841 (8th Cir. 2003); *United States v. Klaphake*, 64 F.3d 435, 438–39 (8th Cir.1995).

be excluded. *Id.* If the Court admits materials upon which Hird relied to form his beliefs a limiting instruction will also be given that the documents are only relevant to Hird's state of mind and not to the requirements of the law. *See Powell*, 955 F.2d at 1214.

Hird will also not be permitted to introduce evidence or raise arguments that he actually had no or a lessened tax deficiency. The government need not establish an actual tax deficiency to prove a violation of § 7206(1) and therefore evidence that a defendant did not owe taxes is not a defense to the crime. *Giambalvo*, 810 F.3d at 1086.

Similarly, Hird may not introduce evidence or raise arguments that he was entitled to an assessment or notice of his tax liability under 26 U.S.C. § 6203[2] prior to being prosecuted. *See* filing 115 at 4. The Eighth Circuit has squarely rejected this argument and held "[t]he filing of an administrative assessment record is not required before a criminal prosecution may be instituted under [§ 7206] for failure to report or pay income tax." *United States v. Richards*, 723 F.2d 646, 648 (8th Cir. 1983). Accordingly,

IT IS ORDERED:

1. The government's motion in limine (filing 53) is granted in part. Hird may not introduce evidence or argument pertaining to:

---

[2] "The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment." *Id.*

    a. The constitutionality or validity of the laws of the United States, including the tax laws;

    b. Any statutory requirement that he be provided an administrative assessment of taxes due;

    c. A decreased or eliminated tax deficiency.

2. The government's motion in limine is denied in all other respects without prejudice to reassertion of objections at trial.

Dated this 30th day of March, 2021.

                                                   BY THE COURT:

                                                   John M. Gerrard
                                                   Chief United States District Judge