IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | 4:19-CR-3038 |
| vs. | MEMORANDUM AND ORDER |
| Thomas W. Hird, | |
| Defendant. | |

This matter is before the Court on the defendant's motion for mistrial (filing 153). That motion will be denied.

The defendant's motion is premised on the contention that the Court prevented the defendant's "primary witness," Paul John Hansen, from testifying in his defense. To begin, that misrepresents the record: the Court was quite clear that the defendant could call Hansen as a witness—Hansen's testimony would simply be limited to relevant, non-cumulative, non-hearsay testimony. *See United States v. Wyman*, 724 F.2d 684, 686-88 (8th Cir. 1984). The defendant decided not to call Hansen, apparently determining that he had no admissible evidence to offer.

The defendant does not seem to argue otherwise—rather, he contends:

> The Defendant has the right to enter into evidence any facts, evidence or testimony that the Defendant deems germane to Defendant's case. Neither the Prosecutor nor the Jurist has the authority to exercise discretion on what the Defendant can enter into evidence. The Jury has the right to examine all facts,

> testimony and evidence that the Defendant deems necessary for Defendant's case.

Filing 153 at 1. Of course, that's not the law. The Federal Rules of Evidence confer the Court with precisely such discretion. *See United States v. Abel*, 469 U.S. 45, 54 (1984). And while the defendant has a constitutional right to present a complete defense, the defendant does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence, *Montana v. Egelhoff*, 518 U.S. 41-42 (1996), and even a defendant's interest in presenting relevant evidence may bow to other legitimate interests in the criminal trial process, *United States v. Scheffer*, 523 U.S. 303, 308-09 (1998).

> And any number of familiar and unquestionably constitutional evidentiary rules also authorize the exclusion of relevant evidence. For example, Federal Rule of Evidence 403 provides: "*Although relevant,* evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Hearsay rules, *see* Fed. R. Evid. 802, similarly prohibit the introduction of testimony which, though unquestionably relevant, is deemed insufficiently reliable.

*Egelhoff,* 518 U.S. at 42 (cleaned up). In addition, even relevant evidence may be excluded on account of a defendant's failure to comply with procedural requirements, *see id.*—and here, the defendant's offer of proof identified Hansen as an expert witness, but he offered no explanation for his failure to

- 2 -

disclose Hansen as an expert as required by the Rules of Criminal Procedure and this Court. Fed. R. Crim. P. 16(b)(1)(C); NECrimR 16.1(b); *see* filing 9; filing 14; *see also United States v. Benedict*, 855 F.3d 880, 885 (8th Cir. 2017).

Furthermore, the defendant's motion for mistrial is untimely. The grounds on which the defendant's motion is based were apparent before he rested—so, of course, they were apparent before the government rested, before the informal and formal jury instruction conferences, before closing arguments, and before the case was submitted to the jury. The defendant chose to participate voluntarily and without objection in all those aspects of trial, and only decided mistrial would be appropriate the day after the case was submitted to the jury. And that's not soon enough. *See United States v. Packer*, 730 F.2d 1151, 1158 (8th Cir. 1984).

Finally, the Court notes that the defendant was permitted to testify, on his own direct examination, to his purported beliefs regarding the tax code and his obligation to report income—without objection from the government—and that a "good faith" instruction was given to the jury. The Court's ruling did not deprive the defendant of his ability to introduce and argue a meaningful defense. *See Wyman*, 724 F.2d at 688. Accordingly,

IT IS ORDERED that the defendant's motion for mistrial (filing 153) is denied.

Dated this 7th day of April, 2021.

BY THE COURT:

*(signature)* John M. Gerrard

John M. Gerrard
Chief United States District Judge