IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| United States of America, | |
|---|---|
| Plaintiff, | 4:19-CR-3038 |
| vs. | ORDER |
| Thomas W. Hird, | |
| Defendant. | |

The defendant has filed yet another premature notice of appeal. Filing 172. For the reasons that follow, the Court will (1) proceed with sentencing, (2) deny the defendant's request to appeal without paying the filing fee, and (3) afford the defendant a few days to voluntarily withdraw his notice of appeal.

To begin with, the defendant's attempt to appeal is frivolous. The federal courts of appeals have jurisdiction over appeals "from all final decisions of the district courts," 28 U.S.C. § 1291, and "[i]n criminal cases, this means that appellate review is not available until after conviction *and sentencing*," *United States v. Ivory*, 29 F.3d 1307, 1311 (8th Cir. 1994) (emphasis supplied) (citing *Flanagan v. United States*, 465 U.S. 259, 263 (1984)).[1] The defendant could (perhaps) be forgiven for not knowing that the first time he tried to appeal, but he has no excuse this time—his second notice of appeal (filing 172) is effectively identical to his first (filing 163), and the Court of Appeals dismissed his first appeal as premature. *See* filing 166; filing 167.

The Court can only conclude that the defendant is attempting to delay sentencing. It won't work. The Court trusts that the Eighth Circuit would,

---

[1] There are a few exceptions to this finality rule, *see id.*, but none of them are implicated here.

again, promptly dismiss the defendant's dilatory appeal—but regardless, the defendant's frivolous attempt to appeal from a nonappealable order does not divest this Court of jurisdiction. *See United States v. Grabinski*, 674 F.2d 677, 679 (8th Cir. 1982) (citing *Riddle v. Hudgins*, 58 F. 490 (8th Cir. 1893); *United States v. Hitchmon*, 602 F.2d 689, 691 (5th Cir. 1979) (en banc)).

The defendant also "respectfully requests" that the appellate filing fee he paid for his first appeal be used for this one. Filing 172. But "[u]pon filing a notice of appeal, the appellant *must* pay the district clerk all required fees." Fed. R. App. P. 3(e); *see also* 28 U.S.C. § 1913 & 1917; Judicial Conference of the United States, *Court of Appeals Miscellaneous Fee Schedule* (Dec. 1, 2020), https://www.uscourts.gov/services-forms/fees/court-appeals-miscellaneous-fee-schedule. If the defendant wants another appeal docketed, he must pay for it.[2]

In light of the above, the Court will permit the defendant an opportunity to withdraw his notice of appeal—or, alternatively, pay the appellate filing fee. *See* filing 166. Either way, this Court will proceed to sentencing as scheduled.

IT IS ORDERED:

1. On or before June 25, 2021, the defendant shall either file a request to withdraw his notice of appeal or pay the $505 appellate filing fee.

---

[2] The defendant has not moved to proceed *in forma pauperis*, nor—given the evidence at trial—would there be any basis to permit it. *See* 28 U.S.C. § 1915(a)(1) & (e)(2)(A). And even if the defendant was unable to pay the filing fee, the Court would not permit him to proceed in forma pauperis now because this appeal is not taken in good faith. *See* § 1915(a)(3) & (e)(2)(B)(1); *see also Cohen v. Curtis Publ'g Co.*, 333 F.2d 974, 978-79 (8th Cir. 1964).

2. On June 28, 2021, if the defendant's notice of appeal has not been withdrawn, the Clerk of the Court shall process the defendant's appeal and provide the Eighth Circuit Court of Appeals with a copy of this order.

3. The Clerk of the Court shall set a case management deadline for June 28, 2021 with the following docket text: check for withdrawal of notice of appeal or payment of filing fee.

Dated this 21st day of June, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge