IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| United States of America, | |
|---|---|
| Plaintiff, | 4:19-CR-3038 |
| vs. | TENTATIVE FINDINGS |
| Thomas W. Hird, | |
| Defendant. | |

The Court has received the revised modified presentence investigation report in this case. The defendant has filed a sentencing statement (filing 179) taking issue with the presentence report.

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant's sentencing statement (filing 179) objects to the presentence report in two respects.[1] First, the defendant objects to the presentence report's reliance on conduct from the 2012 and 2013 tax years, because that conduct was also the basis for the two charges of which the defendant was acquitted. Filing 179 at 3-4; *see* filing 158 at 2. The Court is aware that it may use a defendant's relevant conduct in sentencing if it finds by a preponderance of the evidence that the conduct occurred, even if that conduct formed the basis of a criminal charge on which a jury acquitted the defendant. *United States v. Szczerba*, 897 F.3d

---

[1] The defendant also raises several issues relating to the investigation, discovery disclosures, and trial proceedings. *See* filing 179 at 1-5. Many of those arguments could be raised in an appeal after sentencing, but don't bear on the Court's current task: the appropriate sentence to impose on the counts of which the jury found the defendant guilty. The Court will consider them only to the extent they're relevant to the Court's assessment of the § 3553(a) factors.

929, 942 (8th Cir. 2018); *see United States v. Ruelas-Carbajal,* 933 F.3d 928, 930 (8th Cir. 2019); *United States v. Peithman,* 917 F.3d 635, 654 (8th Cir.), *cert. denied,* 140 S. Ct. 340 (2019). It is not, however, the undersigned's practice to do so. With that said, the Court will make its finding on this issue at sentencing based on the trial record.

Second, the defendant objects to being accused of lying, which the Court understands to be an objection to the two-level adjustment for obstruction of justice. Filing 179 at 4-5. U.S.S.G. § 3C1.1 calls for a 2-level increase in the offense level if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction" and the obstruction related to the offense of conviction and any relevant conduct or a closely related offense. *See United States v. Gomez-Diaz,* 911 F.3d 931, 935 (8th Cir. 2018). Obstructive conduct may include perjury, destroying or concealing evidence, or providing materially false statements to a judge, law enforcement officer (if that significantly impeded the investigation), or probation officer. *See* § 3C1.1 cmt. n.4.

For an obstruction of justice adjustment to be based on perjury, the Court must make a finding that encompasses all of the factual predicates for a finding of perjury, and it's preferable for the Court to address each element in a separate and clear finding. *See Gomez-Diaz,* 911 F.3d at 936. "Perjury" is (1) false testimony under oath, (2) concerning a material matter, (3) with the willful intent to provide false testimony (as opposed to confusion, mistake, or faulty memory). *See United States v. Dunnigan,* 507 U.S. 87, 94 (1993); *United States v. Reed,* 978 F.3d 538, 544 (8th Cir.

2020). And the government must show those elements by a preponderance of the evidence. *See United States v. Felicianosoto,* 934 F.3d 783, 787 (8th Cir. 2019), *cert. denied,* 140 S. Ct. 2644 (2020). Accordingly, the Court will also resolve this issue at sentencing based on the trial record and additional evidence submitted.[2]

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

---

[2] This is not meant to encourage the parties to present additional evidence, or to "retry" this case. The Court is very familiar with this case from the trial record, and heard from the defendant and the case agent (among many others) at trial. The issues presented here were well-contested at trial and, in the Court's view are ripe for disposition without additional evidence. But at the very least, any additional evidence should be narrowly focused on information relevant to the Guidelines calculation and § 3553(a) factors, and the Court may help the parties narrow their focus if it proves necessary. *See United States v. Jones,* 643 F.3d 275, 277 (8th Cir. 2011); *United States v. Delpit,* 94 F.3d 1134, 1154 (8th Cir. 1996).

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 29th day of June, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge