IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | 4:19-CR-3038 |
| vs. | MEMORANDUM AND ORDER |
| Thomas W. Hird, | |
| Defendant. | |

The defendant has filed two new objections. Filing 184; filing 185. One objects to the use of evidence at sentencing relating to counts on which he was acquitted. Filing 185. He has made the same objection before, *see* filing 179 at 3-4, and as the Court previously explained, it's not the Court's practice to rely on acquitted conduct at sentencing—but, as the Court also explained, a final finding will be made at the sentencing hearing, *see* filing 180 at 2-3. Raising the same objection again will not make the Court treat it differently: this issue will be resolved *at sentencing*.

The defendant's other objection also relates to something he objected to before, but raises a new ground for the objection: that the "obstruction of justice" enhancement can't be based on un-Mirandized statements made to law enforcement. Filing 184. This new objection is untimely. *See* filing 175. It is also without merit, for several reasons.

To begin with, the government's argument for the obstruction of justice enhancement isn't just based on the defendant's statements to law enforcement during the investigation: it's also based on the government's belief that the defendant perjured himself at trial. *See* filing 178. Perjury at trial can support an obstruction of justice enhancement. *See* U.S.S.G. § 3C1.1 cmt. n.4.

And obviously, by that point, the defendant had repeatedly been advised of his right to remain silent, including at trial.

Second, Miranda warnings are only needed before interrogation when a suspect is in custody or otherwise significantly deprived of his freedom of action. *United States v. Carter*, 884 F.2d 368, 370 (8th Cir. 1989) (citing *Miranda v. Arizona*, 86 S. Ct. 1602, 1624 (1966)); *see, e.g.*, *United States v. Parker*, 993 F.3d 595, 601 (8th Cir. 2021). There is no indication the defendant was questioned by the IRS here under circumstances that, in their totality, would have made a reasonable person feel like he was not free to leave. *See id*.[1]

Finally, even if a defendant makes un-Mirandized custodial statements to law enforcement, that doesn't mean they can be *false* statements. A defendant can choose to speak truthfully to law enforcement, or remain silent, but lying isn't an option: "Proper invocation of the Fifth Amendment privilege against compulsory self-incrimination allows a witness to remain silent, but not to swear falsely." *Brogan v. United States*, 118 S. Ct. 805, 810 (1998) (quoting *United States v. Apfelbaum*, 100 S. Ct. 948, 950 (1980)); *see United States v. Melancon*, 662 F.3d 708, 712 (5th Cir. 2011). "[T]here is no constitutional right to provide a false answer." *United States v. Brave Thunder*, 445 F.3d 1062, 1065 (8th Cir. 2006). "The Fifth Amendment does not protect lying." *United States v. Ballard*, 391 F. App'x 650, 652 (9th Cir. 2010); *accord*

---

[1] The Court also notes that several other courts have concluded statements obtained in violation of *Miranda* may nonetheless be considered at sentencing, if they are otherwise voluntary. *United States v. Nichols*, 438 F.3d 437, 442 (4th Cir. 2006); *see United States v. Graham-Wright*, 715 F.3d 598, 601 (6th Cir. 2013); *United States v. Jackson*, 713 F. App'x 963, 968 (11th Cir. 2017). And there is nothing to indicate that the defendant's statements here were involuntary. But in view of its conclusion that the defendant's statements were *not* obtained in violation of *Miranda*, the Court need not adopt this rule.

*United States v. Vreeland*, 684 F.3d 653, 660 (6th Cir. 2012); *see United States v. Sessions*, 230 F.3d 1365 (8th Cir. 2000).

The Court will resolve, *at sentencing*, whether the obstruction of justice enhancement applies and whether or not the defendant's relevant conduct includes the conduct underlying charges of which he was acquitted. *See* filing 180. But the Court need not wait to conclude that whether or not the obstruction of justice enhancement applies does not depend on whether the defendant was Mirandized. Accordingly,

IT IS ORDERED:

1. The defendant's objection regarding "alleged obstruction charges (filing 184) is overruled.

2. The defendant's objection regarding "data from counts one or two" (filing 185) will be taken up at sentencing.

Dated this 21st day of July, 2021.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge