IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>vs.<br><br>Thomas W. Hird,<br><br>                Defendant. | 4:19-CR-3038<br><br>ORDER |

The defendant was convicted of three counts of filing false tax returns and sentenced to a total of 24 months' imprisonment, *see* filing 193, and was ordered to self-surrender to the Bureau of Prisons on September 22, 2021. The defendant has filed a "motion to extend time to report for detention" that is, in effect, a motion to stay execution of the judgment and sentence until his appeal from his convictions is final. *See* filing 210. That motion will be denied.

Pursuant to 18 U.S.C. § 3143(b)(1), the Court

> shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. . . .; **and**
>>
>> (B) that the appeal is not for the purpose of delay *and raises a substantial question of law or fact likely to result in—*
>>
>>> (i) *reversal,*

> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

(Emphasis supplied.) That's a difficult standard to meet: the intent of the statute "was, bluntly, that fewer convicted persons remain at large while pursuing their appeals." *United States v. Marshall*, 78 F.3d 365, 366 (8th Cir. 1996) (quoting *United States v. Powell,* 761 F.2d 1227, 1231 (8th Cir.1985) (en banc)); *see United States v. Huber*, 404 F.3d 1047, 1064 n.16 (8th Cir. 2005).

The Court accepts that the defendant is not likely to flee or pose a danger to the safety of any other person or the community. *See* § 3143(b)(1)(A). But under subsection (B), "a defendant who wishes to be released on bail after the imposition of a sentence including a term of imprisonment must first show that the question presented by the appeal is substantial, in the sense that it is a close question or one that could go either way." *Powell*, 761 F.2d at 1233-34. And the defendant must "show that the substantial question he or she seeks to present is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Id*. at 1234.

The defendant clearly did not satisfy subsection (B): "indeed, he did not even identify what issues he will raise on appeal." *See Marshall*, 78 F.3d at 366. But it is fair to say that over the course of these proceedings, the Court has grown very familiar with the nature and substance of the defendant's objections to the charges and this Court's rulings, and the Court is confident

that not only are the defendant's objections insubstantial—they are almost entirely frivolous. *See*, *e.g.*, filing 208 at 35-81. Accordingly,

>IT IS ORDERED that the defendant's "motion to extend time to report for detention" (filing 210) is denied.

Dated this 15th day of September, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge

- 3 -